COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-06-167-CR

 

 

JAMES DALE CHAFIN                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM COUNTY
CRIMINAL COURT NO. 1 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








On April
13, 2005, Appellant James Dale Chafin was charged with harassment.  On July 5, 2005, Appellant pled nolo
contendere, and the trial court granted deferred adjudication and placed
Appellant on community supervision for twelve months.  About ten months later, the State filed its
first amended motion to proceed to an adjudication of guilt.  Appellant pled not true to the State=s
allegations.  After a hearing on the
motion, the trial court found that Appellant had violated the terms and
conditions of his community supervision by failing to pay the monthly
supervision fee; failing to pay a monthly payment toward his fine, court costs,
and fees; failing to complete an anger management program; refusing to submit
to a urinalysis; and failing to complete his community service.  The trial court adjudicated Appellant guilty
of harassment and sentenced him to ninety days=
confinement in the Denton County Jail.

In a
single issue, Appellant argues that the trial court erred by considering
Appellant=s extraneous bad acts of
telephone harassment in the punishment phase following his adjudication of
guilt in the underlying harassment case. 
Because the trial court did not err, we affirm the trial court=s
judgment.

Appellant
argues that the telephone harassment statute is unconstitutionally void for
vagueness, and that, as a consequence, the trial court erred by considering
evidence of telephone harassment in assessing punishment.  He also appears to argue that evidence of the
extraneous telephone harassment is insufficient.  Appellant also suggests that the sentence is
disproportionate to the conduct complained of. 
Appellant does not challenge his adjudication or contend that he did not
commit the violations.








In the
punishment hearing, the trial court may consider all matters it deems relevant
to sentencing.[2]  Appellant does not contest on appeal that he
violated the terms and conditions of his community supervision by failing to
pay a monthly supervision fee; failing to pay a monthly payment toward his fine,
court costs, and fees; failing to complete an anger management program;
refusing to submit to a urinalysis; and failing to complete his community
service.

The
testimony regarding the harassing nature of the telephone calls was admitted
not as evidence of an offense but to show Appellant=s
continued abusive conduct toward the complainant, his ex-wife.  Consequently, we hold that the trial court
did not err either by admitting or by considering the evidence of Appellant=s
extraneous acts of misconduct in assessing punishment.  We also hold that the punishment the trial
court assessed is not excessive in light of the entire record of this case and
the permissible range of punishment.[3]
   

 

 








We
overrule Appellant=s sole issue and affirm the
trial court=s judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

PANEL B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  October 18, 2007











[1]See Tex. R. App. P.
47.4.





[2]Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a)(1) (Vernon 2006).





[3]See Tex. Penal Code Ann. ''
12.22 (providing range of punishment of up to 180 days=
confinement and up to a $2000 fine for class B misdemeanors), 42.07(c)
(providing that harassment is a class B misdemeanor) (Vernon 2003).